In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-01019-CR
____________

MARCUS JACKSON Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court 
Harris County, Texas
Trial Court Cause No. 1115861



 
MEMORANDUM OPINION
               Appellant, Marcus Jackson, pleaded guilty to the offense of murder and, in
accordance with the plea bargain agreement with the State, the trial court sentenced
appellant to confinement for 50 years. Along with the plea, appellant, appellant’s
counsel, and the State signed a stipulation of evidence which included, among others,
the following statements: “I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be set at 50 years TDCJ; I
agree to that recommendation...Further, I waive my right of appeal which I may have
should the court accept the foregoing plea bargain agreement between myself and the
prosecutor.” The trial court’s judgment is stamped, “Appeal waived. No permission
to appeal granted.” 

               After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Despite waiving his right to
appeal the appellant filed a pro se notice of appeal and requested the appointment of
counsel. This appeal followed. 

               Appellant’s counsel on appeal has filed a brief stating that the record
presents no reversible error, that the appeal is without merit and is frivolous, and that
the appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). Counsel represents that he has served a copy of the brief on
appellant. Counsel also advised appellant of his right to examine the appellate record
and file a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App.
1991). More than 30 days have passed, and appellant has not filed a pro se brief. 

                Having reviewed the record and counsel’s brief, we agree that the appeal
is frivolous and without merit and that there is no reversible error. See Bledsoe v.
State, 178 S.W.3d 824, 826-27(Tex. Crim. App. 2005). Further, we find that the
certification of the right of appeal filed by the trial court is supported by the record
and that appellant has no right of appeal due to the agreed plea bargain. Tex. R. App.
P. 25.2(a). Accordingly, wedismiss the appeal “without further action.” Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

               Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Nuchia, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).